JOSEPH MORGAN v. MARY ANN MORGAN, OSCAR MORGAN, JOS. H. MORGAN, AARON BARK AND JNO. B. ELLSWORTH.

*Husband and wife—Title to land—acquiescence.*

A man and his wife who had contentedly lived together for more than forty years fell out about the title to some land which the wife's father had contracted to deed to the husband but had, in fact, deeded to the wife apparently with the husband's consent, and which the wife held, at any rate, for twenty years without objection from him. She then sold it and with the proceeds bought other lands the title to which, with his acquiescence, she took in her own name, though the husband claimed to have acquiesced under a misapprehension. *Held,* that after all this time the Supreme Court would not attempt to interfere with her title, without a clearer showing against it.

Appeal from Eaton. (Hooker, J.) Nov. 4.—Jan. 6.

BILL to remove cloud. Complainant appeals. Affirmed.

*Sagendorph & Powers* for complainant.

*Pennington & Dean* for defendants.

MORSE, J. This is a controversy mainly between an aged couple, husband and wife, as to the ownership of a farm in Eaton county, purchased and taken in the name of the wife, Mary Ann Morgan, in September, 1875. October 19, 1882,

she deeded the premises to defendants, Oscar and Joseph H. Morgan, sons of herself and complainant. Bark and Ellsworth hold a mortgage upon the land executed by Mary Ann Morgan in February, 1882.

From the testimony it appears that complainant married the defendant Mary Ann Morgan, in Summit county, Ohio, in 1841, having himself less than $200 in property, and she nothing. In 1844 they moved from Ohio to the state of Illinois, where they remained until 1850. Chauncey Gilbert, the father of complainant's wife, owned a farm of 138 acres in the township of Norton, Summit county, Ohio, and about this time, by verbal message and letter, invited them to return to Ohio, and move upon said farm, which they did. Gilbert executed and delivered to complainant the following contract, which was also signed by complainant:

" This agreement made between Chauncey Gilbert, of Norton, Summit county, Ohio, am held and firmly bound unto Joseph Morgan, of the same place, in the sum of one thousand dollars, to be paid to the said Joseph Morgan, his executors, administrators or assigns. I bind myself, my heirs, executors, administrators, and each of them, firmly by these presents to make unto the said Joseph Morgan, within one year from date, a good and sufficient title to the following described premises, to wit : Fifty-eight acres in lot No. 7, and eighty acres, it being the north half of lot No. 8 in Norton township, Summit county, Ohio, and bounded, the east by land owned by Richard Carpenter; the north by township line and Peter Learch and R. Van Evra; on the west by R. Van Evra and H. Sparhawk, the south by Pheneas Barnes; containing one hundred thirty-eight and twenty-five one-hundredths,—in consideration of the said Joseph Morgan paying to the said Chauncey Gilbert the amount of a certain mortgage due Joseph Doman, two hundred dollars, on the above-described premises.

In witness whereof, we have hereunto set our hands and seals this ninth day of May, A. D. eighteen hundred and fifty.                         CHAUNCEY GILBERT.    [Seal.]
                                        JOSEPH MORGAN.       [Seal.
Sealed and delivered in presence of
        T. H. WESTFALL.
        JOHN ROBERTSON."

No deed of the premises was ever made, under this contract, to complainant, but some time in 1853 a deed of the same land was executed by Chauncey Gilbert to Mary Ann Morgan, and antedated to the 24th day of October, 1851, for the purpose, no doubt, of barring the wife of said Gilbert of her rights in the premises.   Gilbert, having married between the date and the actual making of the deed, and fearing trouble with his wife, took this step to protect his daughter and her husband in their rights to the premises as against his wife.   Complainant claims that this deed was made to his wife without his consent, and in fraud of his rights, and that she held the title to the same in trust for him.   His wife claims that the deed was executed and delivered to her in consideration of the love and affection of her father for her and with the full and free consent of her husband, who was present.   Upon this farm they lived in apparent happiness and accord for twenty-five years, when it was sold, and the proceeds, or a part thereof, invested in the Eaton county farm.   It is admitted that the deed to this farm was taken in the name of the wife, with the full consent of the complainant.

It is pitiful that these two old people, now both past the age of sixty years, after living so long together, rearing a family, some of whom are over thirty years of age, and by their joint labor acquiring this property, could not have passed peacefully down the decline of life to the end.   And it is impossible to do entire equity between them.   It seems to us that the children, who are divided in the quarrel between them, are at the bottom of this trouble and censurable for their conduct.   The consequences of this folly or greed, unless amended by the future conduct of the parties, will be most sad in any event.   If the prayer of the complainant be granted, and the bitterness now existing continues, the old lady will be left without anything except charity to save her from want; and if his complaint is denied, the old man will also depend upon the charity of his wife or the world.   We cannot, however, divide this property between them; the return of the mutual love and respect of their early married

life alone can make provision for both; and the restoration of affection, with a forgetfulness of this unseemly strife, can place them both beyond want. We must decide where the title belongs, and we are constrained to hold that it is now in the defendants Oscar and Joseph H. Morgan, to whom their mother conveyed it.

There is a great mass of evidence presented to us by the record, but the main facts and the real truth are to be found in the testimony of the complainant and his wife. The complainant's own evidence does not satisfactorily establish, in our minds, that the title to the Ohio farm was not taken, held, and used by his wife, with his full and free consent. At least for a period of twenty years and upwards, he acquiesced in such holding and use by her. In 1864, Sophronia Gilbert, widow of Chauncey Gilbert, brought suit in Summit county, Ohio, for her dower in this farm. The complainant and his wife filed an answer to her petition in the court of common pleas for said county, in which the complainant, under oath, averred that the deed from Chauncey Gilbert to his daughter Mary Ann Morgan, was executed to her "by the direction and consent of the said Joseph Morgan," the complainant in this cause; and that said deed was executed to her partly from love and affection that the said Chauncey Gilbert bore to his daughter. When the Ohio farm was sold, the unpaid purchase money was secured by a mortgage running to said Mary Ann Morgan; and the deed of the land now in controversy here was taken in her name, without the least objection on the part of the complainant. His excuse for the deed being made to her is that he then supposed the decision in the suit brought by Sophronia Gilbert established the title to the Ohio land in his wife, and that as soon as he learned this was not so he began to move to recover the Eaton county premises. But, in view of his own and his wife's testimony, it seems to us, with all the other facts in the case, that the true reason for bringing this suit is found in the separation of the parties, and their quarrels resulting therefrom. At any rate there is not that clear preponderance of testimony needed to give him the relief asked. There is not enough to

warrant us in now changing the title to this farm.  If the evidence of the wife is to be believed, and it is certainly as consistent and reasonable as that of the complainant, she obtained the title to the Ohio property by his consent, as it is undisputed she did the land now in question.  Nothing has since occurred in equity to divest her of it.  She has clearly now the same rights as she had when this farm was purchased, and we do not feel disposed, at this late day, to take away from her what was given her by her father, and held for twenty-five years with the consent and acquiescence of her husband.  It is evident that but for the unhappy quarrel originating through the children about the time of the beginning of this litigation, the complainant would still have been perfectly content with the title in his wife.

The decree of the court below must be affirmed with costs.

The other Justices concurred.