PETERSON, Appellant, v. MAUL and others, Respondents.

*October 4—November 1, 1966.*

For the appellant there were briefs by *La France, Thompson, Greenquist, Evans & Dye* and *Kenneth L. Greenquist* and *Adrian P. Schoone,* all of Racine, and oral argument by *Kenneth L. Greenquist.*

For the respondents there was a brief by *Whaley & Whaley* of Racine, and oral argument by *Vilas H. Whaley* and *John V. Whaley.*

BEILFUSS, J. The issue before us on this appeal is whether the defendants, Elmwood Motors, Inc., and Mutual Service Casualty Company, are entitled to summary judgment based upon the affidavits submitted.

The reports of the opinions of this court abound with decisions setting forth the rules governing summary judgments. Without citation of authority it can be stated that summary judgment is a drastic remedy and should not be granted if any material facts are in dispute or if the inferences which may reasonably be drawn from

the facts are doubtful. It is only when the facts or the reasonable inferences drawn therefrom lead to only one conclusion as to each necessary ultimate fact that it can be said that only a matter of law is presented which should be decided upon a motion for summary judgment. The material evidentiary facts must appear with certainty; the court cannot act as a trier of disputed facts on a motion for summary judgment; it cannot pass upon the weight and credibility of disputed facts or doubtful inferences as they appear from affidavits, other documents, or pleadings.

We stated in *Leszczynski v. Surges* (1966), 30 Wis. (2d) 534, 538, 141 N. W. (2d) 261:

"To entitle one to summary judgment, sec. 270.635, Stats., provides the motion must be supported by an affidavit of a person who has knowledge of the facts. Such affidavit must set forth sufficient evidentiary facts including documents or copies thereof as shall, if the motion is made by the plaintiff, establish his cause of action and entitle him to judgment. Likewise, if the motion is made by the defendant, such evidentiary facts must show the defense is sufficient to defeat the plaintiff.

"Because of this requirement we have held that affidavits made by persons who do not have personal knowledge are insufficient and will be disregarded, and that affidavits made on information and belief are insufficient as they do not reach the stature of establishing evidentiary facts, and affidavits containing ultimate facts are ineffectual. We have pointed out the requirement of the statute that evidentiary facts be stated in an affidavit calls for such evidence by the affiant as would be admissible on the trial. Unless the motion is supported by such facts in the affidavit or by documents, the plaintiff's cause of action is not sufficiently established to entitle him to summary judgment.

"We have expressed this idea by stating we look first to the affidavits in support of the motion to see if a *prima facie* case has been made within the meaning of sec. 270.635, Stats., and if such a case has not been made we need go no farther. [Case cited.] In the event the affidavit in support of the motion does make out a *prima facie* case for summary judgment, we then exam-

ine the affidavits in opposition to the motion. To defeat the motion, the statute requires the opposing party by affidavit or other proof to show facts which the court shall deem sufficient to entitle him to a trial. Such proof may be less than is sufficient to prove his case, but it must be substantial and raise questions of fact. [Case cited.] This showing of a defense must be by affidavit or other proof and a defendant cannot stand on a verified answer to perform that function. Pleadings are ineffectual as proof because facts stated in an affidavit take precedence over inconsistent allegations in a pleading. [Cases cited.] Similarly, evidentiary facts stated in the affidavits are to be taken as true if not contradicted by other opposing affidavits or proof. [Cases cited.]"

The affidavits in support of the motion were made by Mr. J. S. Davison, president of Elmwood Motors, Mr. August D. Stretti, the manager of Elmwood's used-car lot, and Mr. Vilas H. Whaley, one of the attorneys for Elmwood and its insurance carrier.

The affidavit of Mr. Davison sets forth that Maul was employed to wash and clean automobiles and that he was so employed on March 5th, and that his working hours were from 8 a. m. to 5 p. m. He then alleges "upon information and belief" that Maul was operating the Pontiac at the time and place of the accident and that Maul "was operating the 1962 Pontiac automobile without the permission of the owner and that at the time of the accident, he was outside the scope of his employment." This is followed by an allegation of no merit of plaintiff's cause of action.

The affidavit of Mr. Davison is ineffectual for two reasons under the rule of *Leszczynski:* (1) The crucial allegations are on information and belief, and (2) it states ultimate and not evidentiary facts.

The affidavit of Mr. Stretti is nearly identical to the one of Mr. Davison except that he directly avers that Maul did not have permission to drive and that Maul was acting outside the scope of his employment at the time of the accident.

Again allegations or averments that Maul was "without permission" and "outside the scope of his employment" are ultimate and not the evidentiary facts necessary to warrant summary judgment.

The affidavit of Mr. Vilas H. Whaley, an attorney for Elmwood Motors and Mutual Service Casualty Company, sets forth the permission provisions of the insurance policy. He also avers upon information and belief that as a result of the accident in question Maul entered a plea of guilty to operating the Pontiac automobile without the consent of the owner contrary to sec. 943.23, Stats., and was sentenced upon his plea of guilty. The averment made on information and belief, however, is fortified by a copy of the record and proceedings of the court wherein Maul entered the plea. The copy of the court proceedings are other documents which can and should be considered by the court in passing upon the motion for summary judgment.

In opposition to the motion, Mr. Adrian P. Schoone, one of the attorneys for the plaintiff, filed an affidavit in behalf of the plaintiff, Peterson. This affidavit consists primarily of portions of the depositions of Mr. Davison and Mr. Stretti taken in connection with a pretrial adverse examination.

The evidentiary facts testified to in the depositions include the following: (1) The defendant Maul was employed as a clean-up man by Elmwood Motors on March 5, 1965. (2) Davison was in the hospital at the time the plaintiff was injured and had no firsthand knowledge of the incident giving rise to this lawsuit. (3) Maul had worked for Elmwood Motors in 1963, and while working for Elmwood had taken a car belonging to a fellow employee, caused damage with that auto, was convicted of driving an auto without the owner's consent and was sentenced to jail therefor. (4) Davison and Stretti knew of the conduct for which Maul was convicted in 1963, Davison stating that he had bailed Maul out of jail

in 1963. (5) Maul had access to the keyboard upon which were kept the keys to the car that Maul was driving when he struck plaintiff. (6) Stretti did not see Maul leave the Elmwood Motors lot with or without a car on March 5, 1965. (7) In addition to Stretti, two or three other employees supervised Maul's work and gave him orders. (8) Stretti did not learn that the auto that struck plaintiff was missing from the Elmwood Motors lot until the morning after the accident. (9) During the course of his employment Maul drove autos on his employer's used-car lot.

Mr. Schoone's affidavit further avers that in February of 1963, Calvin Maul operated a fellow employee's automobile without his consent and was convicted of driving without a license, of operating an automobile while intoxicated, and of operating an automobile without the permission of the owner, citing the appropriate places in the records of the county courts of Racine county. Attached to Mr. Schoone's affidavit is a statement signed by Calvin Maul which stated that Maul was an employee of Elmwood Motors on March 5, 1965; that he was involved in an accident that night while driving a Pontiac owned by Elmwood Motors; that he had worked on the Elmwood lot all day; that the car had been in the lot with the keys in the ignition; that he had driven cars around the Elmwood lot on many prior occasions; that no one had interfered with his taking the car on March 5, 1965; and that he was returning the car to the Elmwood Motors lot when the accident occurred.

None of the affidavits of the defendants, nor for that matter, the excerpts of the depositions, sets forth that Maul was not permitted to operate Elmwood's vehicles outside of the used-car lot. Nor do any of the defendants' affidavits go to the plaintiff's allegation that Elmwood was negligent in allowing Maul ready access to the keys to the vehicles in the used-car lot.

The defendants contend that the facts of *Bass v. State* (1965), 29 Wis. (2d) 201, 138 N. W. (2d) 154, are con-

trolling as to the issue of permission to use the vehicle. We believe the *Bass Case* is not controlling at this stage. In *Bass* the defendant argued he had implied permission to use the vehicle and that evidence was not sufficient to justify a finding that he intentionally took and operated the car without the owner's consent. After hearing and evaluating the evidence, the trial court found the proof sufficient to establish an intentional taking and operating without the consent of the owner.

In this instance, although Maul was convicted under the same statute, sec. 943.23, his plea of guilty does not reveal the proof underlying his conviction, nor his motivation in entering the plea. The plaintiff in this action, insofar as the present record reveals, had no part in Maul's plea of guilty and the conviction of Maul is not *res judicata* on the permission issue as against the plaintiff in his action against Elmwood Motors and its insurance carrier. From the affidavits filed in behalf of both parties, we cannot hold as a matter of law that Maul did not have permission to drive the vehicle nor that he was not within the scope of his employment. The plaintiff may be confronted with a most difficult task in proving Maul's permission but he should not be foreclosed by summary judgment from attempting to do so.

The affidavits of the defendants in no way refute the allegations of negligence on the part of Elmwood Motors as set forth in the complaint of the plaintiff and the affidavit filed in his behalf. The defendants instead rely upon our decision in *Meihost v. Meihost* (1966), 29 Wis. (2d) 537, 139 N. W. (2d) 116, as a defense as a matter of law, wherein the court determined as a matter of law there was no negligence on the part of the owner.

The instant case differs from *Meihost* in several respects. First, the defendants are not accused of violating any statute or ordinance. Therefore *Meihost* can be applicable to the instant case only insofar as it bears on the defendants' direct common-law negligence. Second,

*Meihost* describes the common-law negligence in terms of the particular facts of that case:

"In Wisconsin 'harm must be reasonably foreseen as probable by a person of ordinary prudence under the circumstances, if conduct resulting in such harm is to constitute negligence.' Accordingly, respondent was guilty of common-law negligence if harm, not necessarily the particular harm that actually occurred, could have been reasonably foreseen as probable by a person of ordinary prudence under like circumstances. The mere possibility of harm is insufficient to establish negligence. According to his affidavit, respondent had parked his car in a residential area and removed the key from the ignition, although there was a key secreted in a band-aid box in the glove compartment. There were no allegations in the complaints that the neighborhood was such that he should have been alerted to the danger of theft. Under the particular circumstances of the instant case, respondent could not reasonably anticipate the theft that occurred and he could not reasonably foresee that harm would result to the plaintiffs. Therefore, he is not negligent." *Meihost v. Meihost, supra,* page 545.

Plaintiff's allegations and the depositions in this case indicate more by way of negligent acts than were alleged in *Meihost*. Here Elmwood Motors apparently hired Maul and specifically gave him access to automobile ignition keys with the knowledge that he had previously taken an automobile without the owner's permission and had negligently caused damage while driving that automobile. Under the limited facts as they appear in the complaint and plaintiff's affidavit, we cannot determine by means of a motion for summary judgment whether Elmwood Motors was negligent. Whether plaintiff can prove negligence or even produce sufficient evidence to go to the jury will have to await the trial. Although the facts as to the negligence, if any, of Elmwood Motors as they are finally determined after trial may be such as to bring this action within the class of cases where the neg-

ligent actor is absolved from liability on public-policy grounds,[1] we express no opinion thereon before the facts are determined.

We hold that there are issues of fact to be determined at trial, both as to issue of permission to use the vehicle and the negligence of Elmwood Motors.

*By the Court.*—Judgment reversed, and remanded for further proceedings.