DE SALVO and wife, Appellants, v. HOWELL PLAZA, INC., Respondent.*

*January 29—February 27, 1968.*

---

* Motion for rehearing denied, with costs, on May 7, 1968.

168

For the appellants there was a brief by *Boren & Schmidt* of Cudahy, attorneys, and *Walther & Burns* of Milwaukee of counsel, and oral argument by *Morton J. Schmidt*.

For the respondent there was a brief by *Frederick Hersh* and *John D. Finerty*, both of Milwaukee, and oral argument by *Mr. Finerty*.

HEFFERNAN, J.

*Does the plaintiffs' affidavit, which fails to aver
that there is no defense to the action,
comply with the requirements of
the summary-judgment
statute*

The defendant in his brief and upon oral argument correctly points out that the plaintiffs' affidavit failed to incorporate therein the statement required by sec. 270.-635 (2), Stats., ". . . that he believes that there is no defense to the action . . . ." We have previously held that the omission of that statement is fatal to a motion for summary judgment. *Szuszka v. Milwaukee* (1961), 15 Wis. 2d 241, 112 N. W. 2d 699. However, we pointed out in *Townsend v. La Crosse Trailer Corp.* (1950), 256 Wis. 609, 613, 614, 42 N. W. 2d 164, that the failure to

depose either "that there is no defense to the action or that the action has no merit," cannot be considered on appeal in this court if the question was not presented to the trial court. A careful perusal of the record does not indicate that the defendant raised this defect in the circuit court, although the memorandum opinion of the trial judge indicated his awareness of the omission. However, it is not evident that the defendant based his objections to the plaintiffs' motion on this basis. We pointed out in *Townsend, supra,* and more recently said in *West Side Bank v. Marine National Exchange Bank* (1968), 37 Wis. 2d 661, 666, 155 N. W. 2d 587:

"Had the question been raised in the trial court and West Side's affidavits were then found insufficient, the appellant would have been entitled to renew its motion upon the submission of affidavits in compliance with the summary-judgment statute."

Thus, were the question presented in the trial court, the plaintiffs would have had the right to amend their affidavit to contain the statutory language and to renew their motion. We, therefore, conclude that the defendant's objection was not timely raised and is, therefore, not before this court.

*Do the affidavits raise substantial issues of fact that must be determined by trial court*

The recent case of *Peterson v. Maul* (1966), 32 Wis. 2d 374, 376, 377, 145 N. W. 2d 699, summarizes the conditions that are prerequisite to the granting of a motion for summary judgment:

". . . summary judgment is a drastic remedy and should not be granted if any material facts are in dispute or if the inferences which may reasonably be drawn from the facts are doubtful. It is only when the facts or the reasonable inferences drawn therefrom lead to only one conclusion as to each necessary ultimate fact that it can be said that only a matter of law is presented which

should be decided upon a motion for summary judgment. The material evidentiary facts must appear with certainty; the court cannot act as a trier of disputed facts on a motion for summary judgment; it cannot pass upon the weight and credibility of disputed facts or doubtful inferences as they appear from affidavits, other documents, or pleadings." *See also Leszcynski v. Surges* (1966), 30 Wis. 2d 534, 538, 141 N. W. 2d 261.

The essence of the plaintiffs' argument is that, as a matter of law, the procuring of a license was a condition precedent to the effectiveness of the lease agreement.

We conclude that the procurement of a license was a condition precedent to the lessor's right to claim rent payments from the lessees. 5 Williston, *Contracts* (3d ed.), pp. 141–143, secs. 666A, 667, 667A; Restatement, *Contracts,* p. 359, sec. 250; 3A Corbin, *Contracts,* pp. 16, 17, sec. 628, discuss the distinction between a condition precedent and a condition subsequent and their effect upon the obligation of the parties to perform. Professor Williston states:

"A precedent condition in a contract is the typical kind. It must be performed or happen before a duty of immediate performance arises on the promise which the condition qualifies. . . . ' "Condition precedent" is one calling for performance of some act after the contract is entered into on performance of which the obligations depend.' . . . The term 'condition subsequent' as normally used in contracts in contrast to 'condition precedent' should mean subsequent to a duty of immediate performance, that is, a condition which divests a duty of immediate performance of a contract after it has once accrued. Such conditions are very rare." Williston, *Contracts, supra,* pp. 141–143.

We are satisfied that the clause requiring the procurement of a liquor license is unambiguous and that the duty of the plaintiffs to pay rent was conditional only on the procurement of a liquor license. The plaintiffs, assuming correctly that the clause gives rise to a condition precedent, attempt to obviate any factual issue by submitting

two affidavits. One is that of John De Salvo, setting forth the terms of the lease and stating that he has not procured a liquor license at the leased premises. Plaintiffs also filed a second affidavit, executed by the city clerk of Oak Creek, who states that during 1966 the ordinances of the city of Oak Creek permitted the issuance of only 34 Class B liquor licenses, that all 34 Class B licenses had been issued, that there were no other Class B liquor licenses available, and that an applicant would only be able to obtain a license in the event that one of the existing licenses were surrendered.

While these affidavits as filed by the plaintiffs would at first blush appear to establish their position, nevertheless, the affidavit of the city clerk is pregnant with the conclusion that, were a license surrendered, the plaintiffs, if otherwise eligible, would be able to procure a surrendered license. The defendant's affidavits bring this possibility to its natal fulfillment, for the defendant corporation has submitted an affidavit by its president, who therein stated:

"That to facilitate the use of the demised premises by the plaintiffs as a cocktail lounge and restaurant, your affiant, on behalf of the defendant, agreed with the plaintiffs for the procurement by the plaintiffs as operator of a liquor license and malt beverage license from the City of Oak Creek and to that end, your affiant on behalf of the defendant purchased certain real estate and a cocktail lounge and tavern located thereon at 810 West Oakwood Road in the City of Oak Creek, Milwaukee County, Wisconsin by warranty deed, a copy of which is annexed hereto as Exhibit 'J' and incorporated herein by reference as though more fully set forth at length; to further facilitate the application of the plaintiffs for a liquor and malt beverage license, your affiant arranged on behalf of the defendant and the plaintiffs an assignment of the lease of the tenants already on the property referred to above . . . ."

A reasonable inference to be derived from this affidavit is that a liquor license would have been made available

by the surrender of this license had the plaintiffs in fact applied for one; and, in the same affidavit, Howell Plaza, Inc., states that the plaintiffs made no such application.

It is the position of the defendant that the license was not surrendered to the city clerk because the plaintiffs had already indicated their intention to breach the contract by stating that they were financially unable to perform in accordance with the lease terms. The defendant therefore contends there was no assurance that the license would be used at the Howell Plaza site; and thus, under the circumstances, it was in its best interests to leave the license at its present location. It is the general rule that:

"A tenant seeking to avoid the liability to pay the rent because of a provision in the lease authorizing termination of the obligation if a license cannot be obtained must establish the inability to obtain such license." 52 C. J. S., *Landlord and Tenant,* p. 249, sec. 484.

While the law does not require a person to do a useless act, under the factual inference raised by a reasonable interpretation of the defendant's affidavits, it cannot be said beyond dispute that a license could not have been procured. Thus, as stated by the trial judge, a substantial factual issue must be determined to resolve the question of whether the plaintiffs' application would indeed have been a futile act or whether the allegations of the plaintiffs are a mere make-weight to exculpate themselves from the burdens of the lease. The intention of the parties is a material issue of fact, which must be determined.

*By the Court.*—Order affirmed.