KREMPEL, Respondent, v. NOLTZE, Defendant: AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN, Appellant.

*No. 114. Argued January 8, 1969.—Decided February 4, 1969.*
(Also reported in 164 N. W. 2d 227.)

456

For the appellant there was a brief by *Lehman & Seymour* of Elkhorn, and oral argument by *Robert F. Lehman*.

For the respondent there was a brief by *Godfrey, Godfrey & Neshek* of Elkhorn, and oral argument by *Milton E. Neshek*.

WILKIE, J. The first issue presented on this appeal is whether defendant insurance company can defeat coverage by asserting the following provision in its insurance contract:

"This policy does not apply: under any of the coverages,

"a. to any automobile

" . . .

"(3) while used in a prearranged racing or speed contest; . . ."

For purposes of this appeal it is undisputed that defendant and plaintiff, as a guest in defendant's automobile, were engaged in a prearranged racing contest on a public highway as distinguished from a drag strip or other private racecourse.

To determine whether the quoted exclusion is lawful, the court must look to the following declarations of the legislature.

Sec. 204.34, Stats., sets forth a number of limitations on what can be excluded from coverage in an automobile insurance contract. It reads in part:

"(1) No policy of insurance, agreement of indemnity or bond covering liability or loss arising by reason of the ownership, maintenance or use of a motor vehicle issued in this state shall exclude from the coverage afforded or provisions as to benefits therein any of the following:

" . . .

"(b) The operation, manipulation or use of such motor vehicle for unlawful purposes; . . ."

Sec. 346.94 (2), Stats., provides that it is unlawful to participate in any "race or speed or endurance contest upon any highway."

The trial court concluded that racing on a public highway is contrary to sec. 346.94 (2), Stats., and is therefore an operation or use of a motor vehicle for an unlawful purpose within the meaning of sec. 204.34. We agree.

Defendant's automobile was being used for the purpose of transversing a length of public highway in a prearranged speed contest. That is unlawful under sec. 346.94 (2), Stats., and encompasses a use of a motor vehicle for unlawful purposes within the meaning of sec. 204.34 (1) (b).

Appellant argues that the word "unlawful" is defined in Black's Law Dictionary (3d ed.) as "That which is contrary to law or unauthorized by law." Black also defines "purpose" as "That which one sets before him to accomplish; an end, intention, or aim, object, plan, project." Thus appellant contends that the insured's purpose on September 9, 1967, at 10:40 p. m. was to "race" or have a "speed contest" and that a race or a speed contest is not in and of itself unlawful. Appellant concludes that because sec. 204.34 (1) (b), Stats., applies only to unlawful purposes, the exclusion is proper. In substance, appellant would have this court deny coverage to the plaintiff on the theory that the defendant's purpose on September 9, 1967, was to "race"—a proper and legal purpose—and not to careen down a public highway at 10:40 p. m. In other words, appellant contends that the definition of the word "purpose" does not encompass the manner in which the race was conducted.

Appellant has applied the definition of "purpose" too narrowly and the true issue is whether a prearranged speed contest on a public highway is a use of a motor vehicle for an unlawful purpose. We think that under sec. 204.34 (1) (b), Stats., it is plain that it is.

In *Pavelski v. Roginski*,[1] wherein this court was dealing primarily with the omnibus clause,[2] the court stated:

"In 1931, ch. 477 created sec. 204.33, Stats., now numbered as sec. 204.34. This section forbids certain types of exclusions from coverage. An insurance company and an insured cannot agree on an exclusion so that there is no coverage while the driver is under the influence of intoxicating liquors or narcotics. The same section forbids an exclusion of operation of the automobile for unlawful purposes. It is clear that the legislature was more concerned with the interest of members of the public who might be injured under such circumstances than it was in protecting persons, driving under the influence of

---

[1] (1957), 1 Wis. 2d 345, 84 N. W. 2d 84.

[2] *See* sec. 204.30, Stats.

liquor or narcotics or using automobiles in unlawful pursuits, from having to pay damages." [3]

Thus, it is clear that this court has recognized a legislative purpose, under the omnibus clause, to protect the public in its use of the highways.

The court further noted:

"An examination of the history of legislation with respect to provisions of automobile liability insurance policies convinces us that in the case of omnibus coverage the legislature was in fact concerned with increasing the number of injured persons who could recover under insurance policies and that the protection of the additional insured was not the sole object of the law." [4]

Appellant's final argument is that the policy exclusion is valid in this case because the policy was approved by the insurance commissioner and, therefore, the parties are bound by that approval. It is true that the legislature has vested the insurance commissioner with power to approve insurance policies with regard to such matters as content, typography, and form.[5] Without discussing in detail the insurance commissioner's power in this regard, suffice it to say that the question before this court as to whether a provision of the insurance policy conflicts with a statute is a judicial question and we are in no way limited or controlled by the insurance commissioner's alleged approval of the policy.

*By the Court.*—Orders affirmed.

[3] *Pavelski v. Roginski, supra,* footnote 1, at page 350.

[4] *Id.* at page 349.

[5] *See e.g., State ex rel. Wisconsin Inspection Bureau v. Whitman* (1928), 196 Wis. 472, 220 N. W. 929; *Williams v. Travelers Ins. Co.* (1919), 168 Wis. 456, 169 N. W. 609, 169 N. W. 959; *Lundberg v. Interstate Business Men's Accident Asso.* (1916), 162 Wis. 474, 156 N. W. 482.