DEWEY and wife, Respondents, v. DEMOS, Appellant.

*No. 162.  Argued September 10, 1970.—Decided October 6, 1970.*
(Also reported in 179 N. W. 2d 897.)

164

For the appellant there was a brief by *Whaley & Whaley* of Racine, and oral argument by *John V. Whaley.*

For the respondents there was a brief and oral argument by *Oscar M. Edwards* of Racine.

CONNOR T. HANSEN, J. The issue on appeal is whether the trial court erred in granting respondents' motion for summary judgment. Respondents' motion was properly granted if it was supported by the affidavits of persons having knowledge of the facts, which set forth evidentiary facts establishing their cause of action, and if the affidavit of appellant in opposition to the motion failed to raise any issue of fact entitling him to a trial.[1]

Three affidavits were filed in support of respondents' motion for summary judgment. The affidavit of Albert G. Dewey set forth the nature of the action to foreclose the mortgage and recited that the appellant had admitted, by his pleadings, default on payment of the note and mortgage. Dewey's affidavit further stated that, while he was the owner of the land, no official action was taken by the common council of the city of Racine to levy a special assessment upon the land described in the mortgage and that he believed there was no defense to the foreclosure action.

The affidavit of George H. Benson stated that he was the city clerk of the city of Racine and that he had custody of all the official records of action taken by the common council of the city of Racine. It further stated that he had checked those records from 1962 to date to discover whether any official action was taken by the city council for the purpose of making a special assessment for water main installment against the property in question and had been unable to discover any record of such official action.

The affidavit of Gilbert H. Ruston stated that he was the manager of the water department of the city of Racine; that he was familiar with the property formerly owned by the respondents; that in 1962 and 1963 the

---

[1] Sec. 270.635, Stats.; *Peterson v. Maul* (1966), 32 Wis. 2d 374, 145 N. W. 2d 699.

property was located in the town of Mount Pleasant and was abutted on the south and east sides by the city of Racine; that in 1962 and 1963 the city of Racine installed a water main along the southerly limits of that property; that the water main was installed entirely on land located in the city of Racine; and that no special assessment was made by the city of Racine against the property. Mr. Ruston's affidavit also stated that in July, 1967, appellant conferred with the affiant with regard to obtaining a connection between the water main and a building he was constructing; that appellant was informed of a water charge and requested a bill from the city of Racine's water department setting forth the entire amount claimed against the property; and that after receiving the bill, appellant informed him that he did not have money to pay the bill in full but would pay $204.40 under protest, and instructed him that the city should levy the balance of the bill on the tax roll as a special assessment. The affiant further stated that he placed the balance of the water bill on the tax roll as a special assessment, but that this was done pursuant to the instructions given by appellant, and not by any action authorized by the common council of the city of Racine under sec. 66.60 of the statutes.

The answer of the appellant asserted an affirmative defense that the water main assessment levied on the property constituted a lien on the land and a breach of respondents' covenant against encumbrances; and appellant also submitted an affidavit in opposition to respondents' motion for summary judgment. That affidavit did not contradict any of the facts set forth in the affidavits described above.

Assuming that a breach of either the covenant against encumbrances in the warranty deed, or the provision in the offer to purchase regarding special assessments, would be a defense to this action of foreclosure, respondents, by their affidavits, have established that neither breach has occurred.

A special assessment, to be valid, must be levied pursuant to and in strict compliance with the statutory powers of a municipality. "The power of a municipality to levy an assessment against a private owner is one which exists by right of statute, and the restrictions of the statute must be met if the assessment is to be deemed valid." *Green Tree Estates, Inc. v. Furstenberg* (1963), 21 Wis. 2d 193, 197, 124 N. W. 2d 90.

Sec. 66.60, Stats., authorizes municipalities to levy special assessments against property by resolution of their governing bodies. The affidavits in this case show that the special assessment on the tax roll was not by resolution of the common council of the city of Racine. Nor were the other requirements of sec. 66.60 complied with. Therefore, it is not a valid assessment under sec. 66.60.

In *De Pere v. Public Service Comm.* (1954), 266 Wis. 319, 63 N. W. 2d 764, this court held that a charge imposed by a city on property owners for connection to a water main was neither a tax nor a special assessment. In that case, prior to 1941, water mains in the city of De Pere had been paid for out of the funds of the water utility. The city had made no special assessments but had charged property owners a $15 fee to tap the main. In 1947, the city adopted an ordinance providing for a charge of $1.25 per running foot of the real estate benefited in addition to the tapping charge. In considering the validity of that ordinance, this court held the charge was not a special assessment.

". . . 'When the city is collecting its water rates it is acting in its proprietary capacity and not as a governmental agency of the state.'

". . . .

". . . An assessment is in the nature of a tax inasmuch as it is an enforced proportional contribution imposed by authority of the sovereign power. For the reasons just set forth, the charge involved here does not meet those tests when applied to an 'assessment.' An

assessment differs from a general tax, however, in that it is imposed to pay for an improvement which benefits a specific property within the political division imposing it. For that reason an assessment is always made against the land in proportion as it enhances the value of that land, and it fixes a lien on the land. In the instant case, it was stipulated that the charge was not carried on the books of the city as a special assessment against specific property which abuts the main, the payment for which is proposed to be recouped. Neither is it shown in the record as a lien against the real estate.

"...

"If the charge here were an assessment, the assessment statutes of ch. 62, Stats., would apply." *De Pere v. Public Service Comm., supra,* pages 326, 327.

In 1957, sec. 66.625, Stats., was enacted by the legislature, authorizing municipalities to charge property owners the cost of constructing lateral pipes connecting water mains to adjoining lots, and providing that such charges would be a lien on the land. Although the charge authorized by sec. 66.625 is not denominated a special assessment, it meets the requirements of a special assessment set forth in *De Pere v. Public Service Comm., supra.*

Assuming that the $204.40 connection charge paid by the appellant under protest was a special assessment authorized by sec. 66.625, Stats., the assessment would be one for work done in making the lateral connection. Any work done by the city in making a lateral connection, in this case, would have been done after the date of the offer to purchase. By the terms of the offer to purchase, the respondents agreed to pay only those special assessments for work on the site actually commenced prior to February 11, 1966, the date of that agreement.

Inasmuch as no valid special assessment was levied on the property for improvements commenced prior to the date of the offer to purchase, there was no breach of the stipulation regarding special assessments in the offer to purchase.

Nor was there a breach of the covenant against encumbrances. The encumbrance which appellant asserted as a defense to the foreclosure action was the special assessment. As previously indicated, no valid special assessment has been levied on the land under the provisions of sec. 66.60, Stats. A valid special assessment, if any, under the provisions of sec. 66.625, would not have been a lien on the land until after the connection was made, which was after the deed has passed. Such an assessment would not be a breach of the covenant against encumbrances.

"The covenant against incumbrances is a covenant as to things existing at the time it is made. . . . If broken at all, it is broken at the time it is made." *Olson v. Lindsay* (1926), 190 Wis. 182, 185, 186, 208 N. W. 891.

It follows that on the facts set forth in the affidavits, appellant had no defense to the foreclosure action. Therefore, respondents' motion for summary judgment was properly granted.

*By the Court.*—Judgment affirmed.