NIXON and husband, Appellants, V. FARMERS INSURANCE EXCHANGE, Respondent.

*No. 178. Argued September 6, 1972.—Decided October 31, 1972.*
(Also reported in 201 N. W. 2d 543.)

1

2

For the appellants there was a brief by *Gerald J. Bloch* and *Phillips, Hoffman & Bloch* and oral argument by *Jay Leslie Himes,* all of Milwaukee.

For the respondent there was a brief by *James T. Murray* and *Arnold, Murray & O'Neill* and oral argument by *Donald P. O'Meara,* all of Milwaukee.

WILKIE, J. One issue is crucial on this appeal: Do the provisions that are part of the uninsured-motorist-coverage endorsement of an automobile liability insurance policy that require an insured under that policy, within one year, either to (1) commence suit for bodily injury against the uninsured motorist, (2) agree on damages, or (3) commence arbitration proceedings,

violate sec. 204.30 (5) (a), Stats., for the reason that the endorsement fails to give the protection required by that statute?

That section provides:

"204.30 (5) UNINSURED MOTORIST COVERAGE. (a) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto in limits for bodily injury or death in the amount of at least $10,000 per person and $20,000 per accident under provisions approved by the commissioner of insurance, *for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles* because of bodily injury, sickness or disease, including death resulting therefrom. . . ." Stats. 1967 (Emphasis ours.)

To begin with, there is no question but what the trial court was entirely correct in holding such requirements to be conditions precedent and not limitations. A condition precedent in a contract "must be performed or happen before a duty of immediate performance arises on the promise which the condition qualifies." [1]

". . . ' "Condition precedent" is one calling for performance of some act after the contract is entered into on performance of which the obligations depend.' " [2]

---

[1] 5 Williston, *Contracts* (3d ed.), p. 141, sec. 666A; cited at *De Salvo v. Howell Plaza, Inc.* (1968), 38 Wis. 2d 167, 172, 156 N. W. 2d 473, and *Price v. Ross* (1969), 45 Wis. 2d 301, 306, 172 N. W. 2d 633.

[2] 5 Williston, *Contracts* (3d ed.), pp. 142, 143, sec. 666A, citing *Elson v. Jones* (1926), 42 Idaho 349, 353, 245 Pac. 95. Also cited in *De Salvo* and *Price, supra.*

But this condition precedent, as is true with respect to all provisions of an uninsured-motorist-coverage endorsement in a contract of insurance, must not violate sec. 204.30 (5) (a), Stats.

The particular provisions were identical to those used in California by this California based insurer, which provisions were, in fact, a replica of the 1961 version of the California uninsured motorist statute.[3]

California modified its statute to require insurance 'companies to give written notice of the statute of limitations to an insured who makes a claim under the uninsured motorist coverage.[4]

We conclude that the first provision cuts the normal period of the three-year statute of limitations in which the injured person (the insured here) is entitled to recover damages and that thus this provision is in violation of sec. 204.30 (5) (a), Stats., in that it does not provide for the protection of persons insured under that endorsement "who are legally entitled to recover damages from owners or operators of uninsured motor vehicles."

True, it is alleged that the form of the uninsured-motorist-coverage endorsement here was approved by the commissioner of insurance but this determination is not binding on this court for, as we stated in *Krempel v.*

---

[3] California Ins. Code Anno., sec. 11580.2 (h), 1961, renumbered in 1970, sec. 11580.2 (i). The legal validity of this type of time limitation was specifically questioned in Widiss, *A Guide to Uninsured Motorist Coverage* (1969), p. 55, sec. 2.26.

[4] California Ins. Code Anno., sec. 11580.2 (k), 1970. "Notwithstanding the provisions of subdivision (i), any insurer whose insured has made a claim under his or her uninsured motorist coverage, and such claim is pending, shall, at least 30 days before the expiration of the applicable statute of limitation, notify its insured in writing of the statute of limitation applicable to such injury or death. Failure of the insurer to provide such written notice shall operate to toll any applicable statute of limitation or other time limitation for a period of 30 days from the date such written notice is actually given."

*Noltze,*[5] "we are in no way limited or controlled by the insurance commissioner's alleged approval of the policy." In *Krempel* there was a conflict between insurance policy provisions and the omnibus statute (sec. 204.34), and the court concluded that this conflict presented a judicial question.

The endorsement is a departure from the standard form promulgated in 1956 by the National Bureau of Casualty Underwriters.[6] The original standard form did not allow the insured to sue the uninsured motorist without the insurer's consent. The form in the instant case requires the insured as one alternative to sue within one year. This form should have been critically examined and rejected by the insurance department because the condition precedent had an important relation to the defendant's liability affecting the premium rate.

The second and third provisions, requiring action by the insured within one year, are integrally tied in as alternatives with the first void provision, and, therefore, we also find them to violate sec. 204.30 (5) (a), Stats., in the same respect.

The disputed provisions of the policy are, therefore, void.

In so ruling, however, we do not hold that there cannot be valid conditions precedent.

*By the Court.*—Judgment reversed and cause remanded for further proceedings not inconsistent with this opinion.

---

[5] (1969), 41 Wis. 2d 454, 459, 164 N. W. 2d 227.

[6] *See Sahloff v. Western Casualty & Surety Co.* (1969), 45 Wis. 2d 60, 63, 171 N. W. 2d 914.