OAKWOOD RETREAT ASSOCIATION, Respondent, vs. RATHBORNE, imp., Appellant.

*January 14—February 2, 1886.*

*Contracts: Work to be done to satisfaction of third party: Bond for performance: Pleading: Agreement to arbitrate: When award a condition precedent to action.*

A builder agreed to furnish materials and erect a building for the plaintiff in accordance with certain plans and specifications and to the satisfaction of an architect named, and that he would complete the same by a time specified. The contract further provided that the agreed price should be paid in instalments on the estimates and certificates of the architect; that the architect should superintend the work and should have power to adjust all claims of either party against the other and to decide upon the fitness of the material; and that in all cases of difference of opinion between the parties in any matter connected with the construction of the building the decision of the architect should be final and binding. A bond was given by the builder, with sureties, for the faithful performance of the contract. In an action upon such bond the breaches assigned were a failure to furnish the materials and erect the building according to the requirements of the contract, and a failure to complete the same by the required time. *Held,* on demurrer:

   (1) It was not necessary to allege in the complaint that the materials and work were not to the satisfaction of the architect.

   (2) The adjustment of the claims of the plaintiff by the architect was not a condition precedent to the maintenance of the action.

APPEAL from the Circuit Court for *Rock* County.

The action is upon a bond in the penal sum of $15,000, executed by the defendant Horacek, as principal, and the defendants *Rathborne* and Kelly as his sureties, to the plaintiff, the *Oakwood Retreat Association,* conditioned that Horacek should faithfully keep a certain agreement entered into between him and the plaintiff. Such agreement (as stated in the complaint) is to the effect that Horacek should furnish the materials therefor and erect for the plaintiff a certain building in the village of Lake Geneva, in accord-

ance with certain designated plans and specifications. Horacek further agreed to furnish the materials and do the work "to the full and complete satisfaction of George H. Edbrooke, the architect and superintendent of said building," and to complete the same by March 1, 1884. In consideration that Horacek should, by the date last aforesaid, so furnish the materials and erect the building "to the full and complete satisfaction of said George H. Edbrooke, as such architect," the plaintiff agreed to pay him therefor the sum of $26,075,— eighty-five per cent. of which should be paid in instalments from time to time on the estimates and certificates of the said Edbrooke. The complaint further alleges that "in and by said agreement and specifications it was further agreed that the said George H. Edbrooke, as such architect, should superintend the work on said building; that he should have power to adjust all claims of the said Horacek against this plaintiff, and all claims of this plaintiff against the said Horacek, and to decide upon the fitness of the material used in said building; and that in all cases of difference of opinion between this plaintiff and the said Horacek, in any matter connected with the construction of said building, the decision of said Edbrooke should be final and binding." The breaches of the agreement (and consequently of the bond in suit) assigned in the complaint are the failure of Horacek to furnish the materials and erect the building in accordance with the requirements of the agreement, and to complete the same by the required time. The complaint contains averments bearing upon the question of damages, but they are not material to the determination of this appeal. The defendant *Rathborne* interposed a general demurrer to the complaint, and appeals from an order of the circuit court overruling the same.

For the appellant there was a brief by *Fethers, Jeffris & Smith*, and oral argument by *Mr. Jeffris*. They contended, *inter alia*, that as the complaint showed that there were

differences of opinion as to matters connected with the construction of the building and that each party had a claim against the other, it should have been alleged that these were submitted to the architect and decided by him. *Baasen v. Baehr,* 7 Wis. 516; *Forristal v. Milwaukee,* 57 id. 628. The building being complete, in the absence of any allegation that the architect decided against the fitness of the material it will be presumed that he approved of the same as fast as it was put into the building; and his decision must be impeached if the plaintiff would appeal to the courts. *Wheeler v. Van Houten,* 12 Johns. 311; *Fidler v. Cooper,* 19 Wend. 285; *Smith v. Johnson,* 15 East, 213; *Dunn v. Murray,* 9 Barn. & C. 780; R. S. sec. 3552; *Hudson v. McCartney,* 33 Wis. 331; *Mansfield & S. R. Co. v. Veeder,* 17 Ohio, 385; *Butler v. Tucker,* 24 Wend. 447. A finding by the architect is a condition precedent to a recovery by either party. Those clauses of the contract were for the benefit of both parties. *McFarlane v. Cushman,* 19 Wis. 357; *Smith v. Briggs,* 3 Denio, 73; *Smith v. Brady,* 17 N. Y. 173; *Barton v. Herrman,* 11 Abb. Pr. (N. S.), 378.

*A. A. Jackson,* for the respondent, argued, among other things, that there were three provisions in the contract to be complied with by Horacek: (1) He must construct the building of the materials and in the manner required by the contract, plans, and specifications; (2) this must be done to the satisfaction of the architect; (3) it must be done by the time specified. The second provision is not material in this action. The demurrer admits that the materials and work were not of the kind required, and this constitutes a breach of the contract which entitles the plaintiff to his action on the bond. Even if the architect had expressed his satisfaction the action might still be maintained. *Bird v. Smith,* 12 Adol. & El. 786; *Glacius v. Black,* 50 N. Y. 145. If the provision giving the architect power to adjust claims were to be construed as a submission to arbitration it is within

the rule of *Phœnix Ins. Co. v. Badger*, 53 Wis. 283, and the architect could only act on the request of the parties, or one of them. If it were a submission it would not oust the court of jurisdiction. *Kill v. Hollister*, 1 Wils. 129; *Mitchell v. Harris*, 2 Ves. Jr. 129–136; *Thompson v. Charnock*, 8 Term, 139; *Goldstone v. Osborn*, 2 Car. & P. 550; *Robinson v. Georges Ins. Co.* 17 Me. 131; *Trott v. City Ins. Co.* 1 Cliff. 439; *Pres. etc. of Del. & H. Canal Co. v. Penn. Coal Co.* 50 N. Y. 250; *Alexander v. Campbell*, 41 L. J. Ch. 478; *Stephenson v. P. F. & M. Ins. Co.* 54 Me. 55. The decision of the architect is not made a condition precedent to the right of the plaintiff to recover damages. *Canfield v. Watertown F. Ins. Co.* 55 Wis. 419; *McGunn v. Hanlin*, 29 Mich. 476; *Mitchell v. Harris*, 2 Ves. Jr. 129; *Gray v. Wilson*, 4 Watts, 39; *Baker v. Herty*, 1 Cranch C. C. 249; *Tobey v. Bristol Co.* 3 Story, 800–819; *Rowe v. Williams*, 97 Mass. 163; *Street v. Rigby*, 6 Ves. Jr. 815–821; Collyer on Partn. sec. 251; 2 Story's Eq. Jur. sec. 1457; Russell on Arb. & Award, 41; *State v. Jenkins*, 40 N. J. 288; *Smith v. Crompton*, 20 Barb. 261–66.

LYON, J. The complaint does not state that the architect, Edbrooke, has ever adjusted any claim made in this action on account of the alleged breaches by Horacek of his agreement with the plaintiff. The position of counsel for the appellant is that such adjustment is a condition precedent to the right of the plaintiff to recover on the bond in suit, and hence that, in the absence of an averment of such adjustment, the complaint fails to state facts sufficient to constitute a cause of action. If the premise be true, the conclusion would seem logically to follow. The question to be determined is, therefore, Can the plaintiff, under the terms of its agreement with Horacek as stated in the complaint, maintain an action for breaches of such agreement by Horacek without first procuring an adjustment of its

claims by Edbrooke, the architect named in the agreement? If the question be answered in the negative, it would follow that this action brought upon a bond conditioned for the performance of such agreement cannot be maintained.

The clauses in the agreement binding Horacek to furnish the material and erect the building to the full and complete satisfaction of Edbrooke, and making the contract price therefor payable only upon his estimates and certificates and when the contract should be performed to his satisfaction, were inserted for the benefit and protection of the plaintiff. They bind the plaintiff to nothing. But were Horacek suing for his compensation under the contract, those clauses, would raise a condition precedent against him, and he could only maintain his action by averring and proving performance of his agreement to the satisfaction of the architect named therein, or, at least, that a certificate of such satisfaction was wrongfully or fraudulently withheld. Such was the ruling of this court in *Hudson v. McCartney*, 33 Wis. 331, upon an agreement containing the same stipulations. Very clearly the above stipulations in the agreement do not require the plaintiff to allege and prove that the materials and work were not to the satisfaction of the architect.

The only other clause in the agreement relating to the question before us is that which conferred upon the architect the power to adjust all claims of either party against the other, and to decide upon the fitness of material used in the building, and which provided that "in all cases of difference of opinion between this plaintiff and the said Horacek, in any other matter connected with the construction of said building, the decision of said Edbrooke should be final and binding." In *Hudson v. McCartney*, it was strongly intimated, if not so held, that a similar clause in the building contract then under consideration was not a prospective submission to arbitration, but only an express

delegation of a power which was necessarily conferred by implication in preceding clauses, common to that contract and the one involved in this action. In that view of the clause, it certainly imposes no condition precedent upon the plaintiff, for it contains no stipulation by the plaintiff to submit anything to arbitration. It merely confers on the architect power to make an award in certain matters,— a power which it does not appear either party has invoked.

But, regarding the clause as a prospective submission to arbitration, we still fail to find in it a condition precedent upon the plaintiff's right of action. The agreement contains no stipulation not to sue for breaches until an award is made. In the absence of such a stipulation, the great weight of authority is that a stipulation to refer controversies arising out of a contract, to arbitration, is no bar to an action by either party to recover damages for alleged breaches of the contract. Many of the cases are cited in the brief of counsel for the plaintiff. Such is the rule in this state. *Canfield v. Watertown Fire Ins. Co.* 55 Wis. 419. See, also, *Phœnix Ins. Co. v. Badger*, 53 Wis. 283. No case in this court holds to the contrary, so far as we know. Certainly those cited to sustain the opposite doctrine fail to do so.

We reach the conclusion that there is no stipulation in the contract which interferes with the right of the plaintiff to maintain this action for the cause stated in the complaint. Also, that in bringing the action the plaintiff has not violated any agreement with Horacek, the principal in the bond in suit. Because he has not done so, there can be no doubt of his right to maintain this action against the sureties as well as the principal. The complaint states a cause of action against all the defendants, and the demurrer of the defendant *Rathborne* thereto was properly overruled.

*By the Court.*— Order affirmed.

See note to this case in 26 N. W. Rep. 744.— REP.