Boden vs. Maher and another.

---

BODEN, Administrator, Respondent, vs. MAHER and another, Appellants.

*December 19, 1896 — January 12, 1897.*

*Contracts: Condition precedent: Pleading: Evidence: Right to recover liquidated damages.*

1. Where payment for grading lots was to be made on certificates of the assistant city engineer, the furnishing of such certificates was a condition precedent to the right to demand or sue for the price of the work, and the performance of such condition must be both alleged and proved, or its performance excused, before there can be a recovery.
2. Where the performance of such a condition precedent had not been alleged in the complaint, the admission in evidence of the engineer's certificates was erroneous.
3. A contract by which plaintiff's intestate was "to do all the excavating which" defendants "desired to have done," to be "fully completed on or before September 1, 1892," was satisfied by the doing of so much of the grading as the defendants desired to have done before said date, so that no recovery could be had by them under a provision for the payment of $10 per day liquidated damages for each day the work remained uncompleted after September 1.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

The action is on a contract for grading certain lots in the

city of Milwaukee, to recover a balance claimed to be due
to the plaintiff's intestate for work done under the contract.
The plaintiff's intestate made a contract with the defend-
ants whereby he agreed to "do all excavating which said
parties of the first part [the defendants] desire to have done
upon certain premises known," etc., under direction of the,
assistant city engineer and the defendants, for an agreed
price per cubic yard. The work was to be paid for on the
certificate of the assistant city engineer " showing the work
to be properly done and the amount of earth removed,"
seventy-five per cent. as the work progressed, and the bal-
ance six months after the completion of the work. The
grading was to be completed by September 1, 1892. The
plaintiff's intestate agreed that he would pay to the defend-
ants, "as liquidated damages," $10 a day for each day that
the work should remain uncompleted after September 1, 1892.
A large amount of grading was done under the contract,—
much of it after September 1, 1892, and up to June 1, 1893,
when the defendants discharged the plaintiff's intestate, and
forbade further performance of the work. The grading was
then substantially completed, only a few days' work remain-
ing to be done. Payments were made from time to time as
the work progressed, and without certificates of the assist-
ant city engineer. January 16, 1893, a certificate of the
assistant city engineer for all the work done previous to that
date was furnished, and seventy-five per cent. of the price
was paid. No further certificate was furnished before the
commencement of the action. Another certificate, dated
May 31, 1894, of all the work done after January 16, 1893,
was produced upon the trial, and received in evidence, over
the defendants' objection.

It was claimed by the plaintiff that all the work which
the defendants desired to have done before September 1, 1892,
was so done; that the work done afterwards was done under
their direction and as they required it, and to their satisfac-

tion; and that they accepted it fully, as in compliance with
the contract, and waived further performance by discharg-
ing the plaintiff's intestate. The defendants denied that the
contract had been so performed, and claimed to recover the
stipulated damages from September 1, 1892, to June 1, 1893.
The defendants also insist that plaintiff's action is premature,
because brought before the certificate of the engineer for
the whole work had been furnished. There was a demurrer
*ore tenus* to the complaint on the ground that it does not
allege that such certificates had been furnished. There was
evidence on the part of the plaintiff which tended to prove
that the work had been done under the defendants' direc-
tion, and as and when they desired it, and to their satisfac-
tion; and that they accepted it as a satisfactory performance
of the contract; and that payments had been made during
the progress of the work, without the certificate of the as-
sistant city engineer; and that payments had been so made
since the work was stopped, without objection that the con-
tract had not been satisfactorily performed; while there was
evidence on the part of the defendants which tended to con-
trovert all these positions.

For the appellants there were briefs by *Hoyt, Ogden &
Olwell*, and oral argument by *L. M. Ogden*.

For the respondent there was a brief by *Rietbrock & Hal-
sey*, and oral argument by *L. W. Halsey*.

NEWMAN, J. The appellants allege five several grounds
of error, which they deem sufficient grounds for reversal of
the judgment: (1) In overruling the demurrer *ore tenus;*
(2) in receiving in evidence the engineer's certificate of Jan-
uary 16, 1893; (3) in receiving in evidence the engineer's
certificate of May 31, 1894; (4) in refusing to direct a ver-
dict for the defendants; and (5) in directing a verdict for
the plaintiff.

1. Payment for the work was to be made on certificates

·of the assistant city engineer. The furnishing of these cer-·tificates was a condition precedent to the right to demand or sue for the price of the work. *Hudson v. McCartney*, 33 Wis. 331; *Bentley v. Davidson*, 74 Wis. 420; *Wendt v. Vogel*, 87 Wis. 462. The performance of such conditions precedent must be both alleged and proved, or their performance excused, before there can be a recovery. *Oakwood Retreat Asso. v. Rathborne*, 65 Wis. 177; *Boorman v. Juneau Co.* 76 Wis. 550; 4 Ency. of Pl. & Pr. 627, 630. So, it must be held that the complaint failed to show a right of recovery in the plaintiff. The demurrer should have been sustained.

2, 3. It was error to receive the certificates in evidence. They were irrelevant as proof of any fact made relevant by the pleadings.

4. The plaintiff failed utterly to show, by evidence competent to be received, a right to recover, and a verdict should have been directed for the defendants on that ground. But there was no case to require the direction of a verdict for the defendants, on their counterclaim. There was evidence tending to show that the plaintiff's intestate had fully performed his contract, and that the work had been accepted by the defendants as a full performance of the contract in that respect. The evidence also tends to show that the work was completed within the time limited by the contract. The contract is somewhat indefinite and elastic as to the amount of work which was to be completed before September 1, 1892. The agreement was " to do all excavating which said parties of the first part [the defendants] desire to have done," to be " fully completed on or before September 1, 1892." The plaintiff's testimony certainly tends to show that so much of the grading as the defendants desired to have done before September 1, 1892, was done before that date. If so, there was no breach of the contract, and no foundation for a recovery on their counterclaim. There certainly was enough evidence on this question to support a verdict for the plaint-

iff. So, it should, on that question at least, have gone to the jury. It was no error to refuse to direct a verdict on the counterclaim. *Leiser v. Kieckhefer, ante,* p. 4.

5. It was error to direct a verdict for the plaintiff. The verdict is supported neither by the plaintiff's pleadings nor his proofs.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.