SHINE, Respondent, vs. HAGEMEISTER REALTY COMPANY, Appellant.

*April 29—May 27, 1919.*

*Contracts: Action for balance of contract price: Conditions precedent: Issuance of architect's certificate: Mistake: Evidence: Sufficiency: Competency: Abatement and revival: Premature action: Waiver: Appeal: Harmless error: Adverse witnesses: Ground of reversal: Omissions from complaint.*

1. Where a contract to install a heating plant in defendant's building required the issuance of the architect's certificate before payment was due, the complaint in an action for the balance due should have alleged either that such a certificate had been

issued or should have set forth facts showing that the certificate, though earned, had been fraudulently or mistakenly withheld.

2. Where the complaint omitted such necessary allegations, and there was no demurrer, and neither party was misled, and evidence was introduced on the question of the refusal of the certificate and the reason therefor, and there was a full and fair trial, the judgment, in view of sec. 3072m, Stats., would not be reversed solely for such omission.

3. Where the contract of installation provided that it was to be performed "as fast as the general construction will permit," the evidence is *held* to justify the jury's finding that the contract was performed as soon as the general construction and attending circumstances would reasonably permit.

4. In such case, statements by plaintiff and other contractors that steamfitters were scarce at the time and that men and supplies were hard to get, and that jobs of that kind were seldom completed on time, and that the work was done with customary speed, were incompetent, in view of the terms of the contract.

5. In an action to recover the balance due on a contract to install a heating plant, with a counterclaim for failure to install the same within the contract time so that frost broke up the basement cement floor, the admission of incompetent evidence on the question whether it was performed within the contract limit was not prejudicial, where the evidence showed that the damage to the floor did not result from plaintiff's delay.

6. Where the contract to install the heating plant authorized the architect to issue certificates for "work done and materials furnished upon the premises," manifestly not including the power to determine whether plaintiff's delay caused the cement floor to break up, his refusal of a certificate solely on that ground was a mistaken refusal within the meaning of the law and excused plaintiff from producing the certificate as a condition to recovery of the balance due.

7. The contention that the action should be dismissed because brought before the end of the thirty-day period during which final payment was to be made under the terms of the contract cannot prevail, that objection having been effectually waived by not setting up the fact in the answer and by totally denying liability and going to trial on the merits.

8. The fact that plaintiff called certain witnesses as adverse witnesses under sec. 4068, Stats., was not prejudicial to defendant, even if they were not within the classes named in that section, where all the testimony favorable to defendant on the vital issues in the case was fully and fairly placed before the jury.

APPEAL from a judgment of the municipal court of Brown county: N. J. MONAHAN, Judge. *Affirmed.*

Action to recover a balance of $702 alleged to be due the plaintiff on a contract to install a heating plant in defendant's new business building in Green Bay. The defenses pleaded were (1) that the work had not been fully completed and (2) that no architect's certificate had been given to the plaintiff as required by the contract before payment was due. Two counterclaims were also interposed claiming (1) that, by reason of failure to install the heating plant within the contract time limit, frost entered the building and heaved up the basement floor, to the defendant's damage in the sum of $1,500, and (2) that by reason of the delay in installing the plant the defendant lost the use of the building for two months, to its damage in the sum of $950.

The facts were that in the summer of 1916 the defendant company was constructing a business block in Green Bay according to plans and specifications of Foeller & Schober, architects, and entered into a written contract with the plaintiff for the heating equipment August 7, 1916, which contract contained provisions (1) that the work was "to proceed as fast as the general construction will permit" and to be completed by December 15, 1916; (2) that the sum to be paid the plaintiff therefor was $1,685, "only upon certificates of the architects as follows: 85 per cent. of the work done and material furnished upon premises at any time architects issue a certificate; the final payment to be made within thirty days after the completion of the work included within this contract, and all payments shall be due when certificates for the same are issued."

It is admitted that the plaintiff's work was not fully completed by December 15th nor until about March 9th. The plaintiff claimed, however, and offered evidence tending to show, that he put in the heating plant just as rapidly as the work of general construction of the building permitted and that steam was actually turned on December 28th. On the other hand, the defendant's evidence tended to show that the

plaintiff was not materially impeded in his work by any delays on the part of the general contractors, and that by reason of the failure to get the heating plant installed and at work by December 15th the newly-laid cement floor of the basement was heaved up and ruined by extreme cold weather which came late in December.   The damage to the floor was conceded on all sides, but the plaintiff contended that it resulted from other causes.   The architect gave the plaintiff a certificate for $1,000 which was paid by the defendant, leaving a balance of $685 on the contract price and $17 for temporary heating, which is not seriously in dispute if it be a fact that the plaintiff is not responsible for the heaving of the basement floor.   The defendant claimed that in some minor matters the contract never had been fully completed, but the architect testified that the breaking of the floor was the only reason for the withholding of the certificate.

The jury found by special verdict (1) that the contract was made as alleged in the complaint; (2) that it was performed as reasonably promptly as the general construction of the building and other attending circumstances reasonably permitted; (3) that the damage by the injury to the floor was $900; (4) that the floor was injured by frost; and (5) that the amount of the unpaid balance on the plaintiff's contract and for extras was $702.   Motions to change the answers to questions 2 and 4 were overruled by the trial court and judgment entered for the plaintiff, from which the defendant appeals.

For the appellant there was a brief by *Silverwood & Fontaine* of Green Bay, and oral argument by *T. P. Silverwood.*

For the respondent there was a brief by *Martin, Martin & Martin,* and oral argument by *Gerald F. Clifford,* all of Green Bay.

WINSLOW, C. J.   As the contract in question required the issuance of the architect's certificate before any payment was due, the complaint should have alleged either that such

a certificate had been issued or should have set forth facts showing that the certificate, though earned, had been fraudulently or mistakenly withheld. *Hudson v. McCartney,* 33 Wis. 331; *Mindeman v. Douville,* 112 Wis. 413, 88 N. W. 299. There was no demurrer, either written or oral, but at the opening of the trial defendant moved to dismiss the complaint and for judgment on the pleadings. This motion probably raised the question as to sufficiency of the complaint, though it does not appear that attention was called to the defect. However, neither party was misled, and evidence was introduced *pro* and *con* on the question of the refusal and the reason for it, and we have now passed the time when, after a full and fair trial, a reversal of judgment will be ordered for the sole reason that the complaint as originally served was defective. Sec. 3072*m,* Stats.

There was sufficient evidence introduced, as it seems to us, to justify the findings of the jury to the effect (1) that the contract was performed as soon as the general construction and other attending circumstances would reasonably permit and (2) that the injury to the basement floor was not occasioned by frost. As to the first of these propositions the argument is made by defendants, not merely that it does not meet the contract provision that the work is to proceed as "fast as the general construction will permit," without regard to other circumstances, but that much evidence was allowed to be introduced bearing on the question submitted which was entirely incompetent so far as the requirement of the contract was concerned.

The evidence objected to consisted of statements by the plaintiff and other contractors to the effect that steamfitters were scarce at the time, that men and supplies were hard to get, that jobs of this kind were seldom completed on time, and that the work was done as rapidly as such work is customarily done.

It seems quite clear that this evidence was all incompetent, because the plaintiff's contract was absolute to push the work

as fast as "the general construction would permit," not as fast as "the general construction and other attending circumstances" would permit.    If the result of the action depended on this finding it might be quite doubtful whether the judgment could be sustained, but we do not think it does.    It was the injury to the basement floor which forms the basis of the only counterclaim now insisted on by the defendant.    If this was not caused by frost, no damage is shown to have resulted from plaintiff's delay.    As we have concluded that there was sufficient evidence to sustain the jury's answer to this question and that there was no prejudicial error in the rulings so far as this question is concerned, the question whether the erroneous rulings complained of were prejudicial or not becomes immaterial and the counterclaim drops out of the case.

The objection that no architect's certificate was ever obtained still remains in the case, however, and must be disposed of before the judgment can be affirmed.

As indicated in the opening of this opinion, it was necessary for the plaintiff to have the certificate or to show clearly by evidence that it had been withheld by the architect fraudulently or arbitrarily or by reason of a substantial mistake as to his powers or duties.    *Coorsen v. Ziehl,* 103 Wis. 381, 79 N. W. 562.

In the present case the architect clearly attempted to pass upon a matter not submitted to him by the contract, namely, the responsibility for injury to the cement floor.    His powers were simply to issue certificates for "work done and materials furnished upon the premises" by the plaintiff.    Manifestly that does not include power to determine that the plaintiff's delay caused the cement floor, which had been laid by another contractor, to heave up.    A refusal to award a certificate because of matters entirely outside of the submission is necessarily a mistaken and arbitrary refusal and amounts in law to a fraudulent refusal, even though made in entire good faith.    The architect, on the witness stand,

stated that the breaking of the floor was the only reason why the last certificate was withheld. This was in legal contemplation no reason. The plaintiff's work having been done and materials having been furnished, the certificate was due, and the question whether plaintiff's delay in installing the apparatus caused the breaking of the floor which another contractor had put in was a question to be fought out between the parties after the certificate was given. The architect mistook the scope of his duty and because of that misapprehension refused the certificate. This makes the refusal a mistaken refusal within the meaning of the law, and excuses the plaintiff from producing the certificate.

The contention that the action must be dismissed because brought before the end of the thirty-day period during which final payment was to be made under the terms of the contract, cannot prevail because the objection has been effectually waived by not setting up the fact in the answer and by totally denying liability and going to trial on the merits. *Lohr B. Co. v. Ferguson,* 223 Ill. 88, 79 N. E. 35.

Certain witnesses were called by the plaintiff on the trial as adverse witnesses under the provisions of sec. 4068, Stats., and it is claimed by the appellant that they were not within the classes of persons who could be called as adverse witnesses under the provisions of the section cited. We have been unable to see that the defendant was in any way prejudiced by the fact that the witnesses were called as adverse witnesses. All the testimony favorable to the appellant on the vital issues in the case seems to have been placed before the jury fairly and fully; under such circumstances there can be no reversal even if the witnesses were not within the classes named in sec. 4068.

*By the Court.*—Judgment affirmed.