PRICE and others, Respondents, v. ROSS, d/b/a ARTHUR MURRAY SCHOOL OF DANCING, Appellant.

*No. 28. Argued December 2, 1969.—Decided December 19, 1969.*
(Also reported in 172 N. W. 2d 633.)

304

For the appellant there were briefs by *Levin, Blumenthal, Herz & Levin,* and oral argument by *Stephen L. Chernof* and *James S. Levin,* all of Milwaukee.

For the respondents there was a brief by *Quarles, Herriott, Clemons, Teschner & Noelke,* attorneys, and *Laurence C. Hammond, Jr.,* and *William A. Stearns* of counsel, all of Milwaukee, and oral argument by *Mr. Stearns.*

WILKIE, J. Defendant states the pleading issue raised on this appeal as follows:

In an action based upon a breach of a written agreement, which agreement provides that the same shall only be binding upon the performance of certain conditions precedent and further provides that the same shall not be assigned without obtaining the written consent of all the parties to said agreement:

(a) Must the performance of the conditions precedent be alleged in the complaint?

(b) Must the written consent of all the parties to said agreement be alleged in the complaint where said agreement has in fact been assigned?

In terms of the particular breach of contract claimed here, the issues may be stated more precisely as follows:

1. Were the conditions set forth in paragraph 2 of the agreement conditions precedent, the performance of which must be alleged in the complaint; and

2. Was compliance with paragraph 18 of the agreement sufficiently alleged in the complaint?

### Conditions Precedent.

In *De Salvo v. Howell Plaza, Inc.*,[1] this court, quoting Professor Williston, said:

" 'A precedent condition in a contract is the typical kind. It must be performed or happen before a duty of immediate performance arises on the promise which the condition qualifies. . . . " 'Condition precedent' is one calling for performance of some act after the contract is entered into on performance of which the obligations depend." . . .' " [2]

In the instant case there is no doubt, nor do the respondents question it, that paragraph 2 of the agree-

---

[1] (1968), 38 Wis. 2d 167, 156 N. W. 2d 473.

[2] *Id.* at page 172, citing 5 Williston, *Contracts* (3d ed.), pp. 141–143, sec. 666A; *see also* Restatement, *Contracts*, p. 359, sec. 250; 3A Corbin, *Contracts*, pp. 16, 17, sec. 628. *Cf. Locke v. Bort* (1960), 10 Wis. 2d 585, 103 N. W. 2d 555.

ment sets forth express conditions which must be satisfied before the contract becomes effective and a duty of immediate performance arises. The only question is whether the performance of such conditions precedent must be alleged in the complaint.

Professor Williston, in discussing this question, has stated:

"It is always the duty of the plaintiff in his declaration or complaint to allege facts sufficient to make out a *prima facie* cause of action. Therefore, when suing upon a conditional contract he must first allege the contract as it was made, with a statement of all conditions precedent . . . . In order to show a breach of duty by the defendant, it must then be alleged that all the conditions qualifying the promise have happened or been performed or been excused. . . ." [3]

In *Boden v. Maher*,[4] this court acknowledged this rule. That case involved an action on a contract for the grading of lots in the city of Milwaukee. The contractor was to be paid after the city engineer issued a certificate showing the work to be properly done. A dispute arose over the payment and the contractor sued. The defendants interposed a demurrer *ore tenus* to the complaint on the ground that it did not allege such certificates had been furnished. The trial court overruled the demurrer and evidence was then introduced by the plaintiff which tended to prove that the work had been done under defendants' direction and to their satisfaction and that payments had been made during the progress of the work, without the certificate of the city engineer. Judgment was entered for the plaintiff.

On appeal, this court reversed the lower court, finding among other things that the demurrer should have been sustained:

". . . Payment for the work was to be made on certificates of the assistant city engineer. The fur-

[3] 5 Williston, *Contracts* (3d ed.), p. 179, sec. 674.
[4] (1897), 95 Wis. 65, 69 N. W. 980.

nishing of these certificates was a condition precedent to the right to demand or sue for the price of the work. *Hudson v. McCartney*, 33 Wis. 331; *Bentley v. Davidson*, 74 Wis. 420; *Wendt v. Vogel*, 87 Wis. 462. *The performance of such conditions precedent must be both alleged and proved, or their performance excused, before there can be a recovery. Oakwood Retreat Asso. v. Rathborne*, 65 Wis. 177; *Boorman v. Juneau Co.*, 76 Wis. 550; 4 Ency. of Pl. & Pr. 627, 630. So, it must be held that the complaint failed to show a right of recovery in the plaintiff. The demurrer should have been sustained." (Emphasis added.) [5]

Here, the conditions precedent which must be satisfied before the agreement becomes binding on the parties and effective are set forth in paragraph 2 of the agreement. The agreement becomes effective when:

"A. Arthur Murray, Inc., a Delaware corporation, has approved this agreement and its terms and conditions and has agreed to the transfer of the franchise for the dancing school located at 436 West Wisconsin avenue, Milwaukee, Wisconsin, to Ross.

"B. The lessor of the premises occupied by the studio located at 436 West Wisconsin avenue, Milwaukee, Wisconsin, shall consent to the assignment to and assumption by Ross of said lease."

The complaint did not allege performance of these express conditions in so many words. The plaintiffs-respondents argue, however, that on demurrer complaints are to be liberally construed,[6] and in essence that per-

---

[5] *Id.* at pages 67, 68. *See also Raisanen v. Milwaukee* (1967), 35 Wis. 2d 504, 515, 151 N. W. 2d 129; *Shine v. Hagemeister Realty Co.* (1919), 169 Wis. 343, 346, 347, 172 N. W. 750; *see generally*, 2 Callaghan's, Bryant, *Wisconsin Pleading and Practice* (3d ed.), pp. 312, 313, sec. 19.29; pp. 384–386, sec. 20.31, and cases cited therein.

[6] Sec. 263.27, Stats., provides: "In the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed, with a view to substantial justice between the parties."

formance of the conditions precedent can be inferred from the complaint, or in any event, that defendant has waived any objections he may have to the failure to satisfy the conditions.[7]

It is correct that as regards the first condition, *i.e.*, that Arthur Murray, Inc., approve the agreement and the transfer of the franchise to Ross, satisfaction of this condition can be inferred from the complaint. This is because the complaint incorporates by reference the agreement and on the face of the agreement itself appears the notation: "Approved: Arthur Murray, Inc. By David A. Teichman [s] Vice Pres."

Approval by Arthur Murray, Inc., of the terms and conditions of the agreement necessarily meant approval of and agreement to the transfer of the franchise. From this we conclude that the complaint alleges performance of the conditions precedent contained in paragraph 2A of the agreement.

The same cannot be said regarding the condition precedent in paragraph 2B, *i.e.*, that the lessor of the premises consent to the assignment to and the assumption by Ross of said lease.

The lessor of the premises involved in this agreement is Clinios Company of America, Inc. Nowhere in the complaint is it specifically alleged that Clinios consented to the assignment to and the assumption by Ross of the lease of the premises. Plaintiffs-respondents' argument that this is not necessary to sustain the complaint rests primarily on their assertion that the lessor's consent to the assignment of the lease is not a material allegation.

They argue, citing *Fun-N-Fish, Inc. v. Parker*,[8] that on the facts pleaded, the defendant has waived his right to rely on the failure of conditions precedent.

---

[7] The trial court adopted this reasoning in overruling defendant's demurrer.

[8] (1960), 10 Wis. 2d 385, 103 N. W. 2d 1. *See also Godfrey Co. v. Crawford* (1964), 23 Wis. 2d 44, 126 N. W. 2d 495.

In that case the plaintiff contracted to buy a resort. The offer to purchase contained this clause:

"The offer to purchase is subject to and contingent upon the buyer obtaining any and all licenses necessary for the full operation of said business premises." [9]

Plaintiff closed the purchase without having obtained a hotel license. In holding that the plaintiff could not maintain an action against defendant on account of the plaintiff's inability to obtain a license this court said:

"By this clause the plaintiff had the right to have the contract set aside if it failed to obtain the necessary licenses. However, it elected to abandon this clause and bring this action for damages for fraud. In other words, it wants to avail itself of the clause quoted to establish the fraud, but to discard it as to the remedy sought. It wants to keep the benefits of its purchase and sue for damages. The contract clause, if abandoned for one purpose, must be abandoned for other purposes. Plaintiff reserved to itself only the right not to go through with the offer to purchase. But by electing to purchase and assuming control before ascertaining whether or not the licenses would be issued, it waived the condition as to obtaining the licenses. Plaintiff cannot now stand on it and ask for relief." (Citations omitted.) [10]

But *Fun-N-Fish, Inc.,* was not concerned with the pleading requirements litigated here. It merely held that a buyer could not seek to have a purchase contract declared null and void when that buyer had waived the requirement placed in the contract for its benefit calling for its obtaining hotel licenses.

It may be that the defendant waived his right to object to the nonperformance of this particular condition pre-

---

[9] *Fun-N-Fish, Inc. v. Parker, supra,* footnote 8, at page 387.
[10] *Id.* at pages 389, 390.

cedent. However, waiver is an excuse,[11] and as such must be pleaded.[12] In the instant case there is nothing in the complaint that could be construed as alleging an excuse.

Sec. 263.34, Stats., does not benefit the plaintiffs. That statute provides:

**"Conditions precedent in contract, how pleaded.** In pleading the performance of conditions precedent in a contract it shall not be necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part; and if such allegation be controverted the party pleading shall be bound to establish on the trial the facts showing such performance."

At oral argument, counsel for the plaintiffs-respondents argued that the recent case of *Gamma Tau Educational Foundation v. Ohio Casualty Ins. Co.,*[13] controls in the instant situation. In that case this court concluded that in the light of sec. 263.34, Stats., the plaintiff's allegation that it had made due demand for payment prior to the commencement of the action was a sufficient allegation that it had met the conditions required by the contract. In the instant complaint, a similar allegation is made.[14]

However, in the *Gamma Tau Case,* this court did not have the benefit of considering the original contract and was obliged to determine the matter on demurrer on the basis of facts alleged within the four corners of the complaint. The same is not true in the instant case.

[11] *See generally,* 5 Williston, *Contracts* (3d ed.), pp. 219–223, sec. 676.

[12] *See generally, Mindeman v. Douville* (1901), 112 Wis. 413, 88 N. W. 299; Restatement, *Contracts,* p. 439, sec. 297. *See also Boden v. Maher, supra,* footnote 4.

[13] (1969), 41 Wis. 2d 675, 165 N. W. 2d 135.

[14] In paragraph 4 of the complaint plaintiffs allege: ". . . After due demand upon him, defendant has failed and refused to pay the sum now due."

Here, the original contract is attached and is specifically incorporated by reference into the complaint. Thus, the specific conditions precedent in paragraph 2 of that contract are before this court as well as the allegations of the complaint.

There is nothing in the instant complaint that could be construed as a general averment that these conditions precedent have been performed. Actual performance of the condition contained in paragraph 2B should have been alleged, or, in the alternative, some excuse for its non-performance should have been alleged.

Thus it would appear that the demurrer to the complaint should have been sustained.

### Assignment of the Agreement.

The remaining argument of the defendant, to wit, that paragraph 18 of the agreement prevents the assignment of the agreement without the written consent of all other parties to the agreement and that there is no allegation in the complaint that Niedland or Milwaukee School of Dancing, Inc., agreed to the assignment by Evons to the other plaintiffs, Price and Brodie, is a matter raised by answer and not by demurrer.[15] Paragraph 18 does not contain a condition precedent.

In any event, as to this point the trial court correctly recognized that the complaint pleads in the alternative. If the evidence discloses that the assignment is invalid, then the defendant is still bound by the contract to Evons. Thus, the demurrer was properly sustained as to this contention.

*By the Court.*—Order reversed; cause remanded with instructions to sustain demurrer and grant plaintiffs leave to plead over.

[15] *But see Caley v. Flegenheimer* (1959), 8 Wis. 2d 72, 88, 98 N. W. 2d 473. *See generally,* 2 Callaghan's, Bryant, *Wisconsin Pleading and Practice* (3d ed.), pp. 399, 400, sec. 20.39.