June 5, 1973.

THOMPSON and another, Respondents, v. ROBERTSON and another, Appellants.

*No. 14. Submitted May 8, 1973.—Decided June 5, 1973.*
(Also reported in 207 N. W. 2d 675.)

For the appellants the cause was submitted on the brief of *Paul Pike Pullen* of Milwaukee.

For the respondents the cause was submitted on the brief of *Wheeler, Van Sickle, Day & Anderson* and *Norman C. Anderson,* all of Madison.

PER CURIAM. The complaint alleges an accepted offer to purchase. The offer is attached to the complaint. The plaintiffs offered to purchase real estate from the defendants, contingent upon construction and permanent mortgage financing for a building to be built on a portion of the real estate. The offer contains the following

statement in the space designated for conditions on the buyers' obligation to conclude the transaction:

"It is understood that sewer and water have been brought in to Lots 1 through 8 and 10 through 18."

The complaint goes on to allege that despite the representation as to sewer and water there are no sewer mains or laterals installed to serve lots 3, 4, 5, and 6, nor were there any such installations on October 13, 1964, the date of acceptance of the offer. The complaint then alleges that despite repeated demands by the plaintiffs, the defendants have refused to install sewer mains and laterals to lots 3, 4, 5, and 6, and alleges that the reasonable cost of installing them is $8,547.96.

Defendants argue that the complaint does not state a cause of action for breach of warranty because there is no allegation that legal title has passed. Plaintiffs argue that they would not have brought the action if the contract were still executory. Defendants' contention must be sustained. A warranty in the sale of real estate speaks as of the date of the passing of legal title. *Dittman v. Nagel* (1969), 43 Wis. 2d 155, 168 N. W. 2d 190. Although it is true that complaints must be liberally construed when challenged on demurrer, we may not add facts *dehors* the pleading under the guise of construction. *Estate of Rosenstein* (1970), 47 Wis. 2d 494, 177 N. W. 2d 372. The complaint does not state a cause of action for breach of warranty. If legal title has passed, it will be a simple thing for plaintiffs to amend the complaint to so allege.

Plaintiffs argue that the complaint states a cause of action for breach of contract, or fraud and deceit, or a declaratory judgment, even if it does not state a cause of action for breach of warranty. The plaintiffs' obligation under the offer to purchase is subject to financing as a condition precedent. There is no allegation that this condition has been satisfied. The complaint does

not state a cause of action for breach of contract. *Price v. Ross* (1969), 45 Wis. 2d 301, 172 N. W. 2d 633.

Because there is no allegation that the transaction has been concluded, there is nothing in the complaint from which we can infer that the plaintiffs in fact relied upon the representation to their detriment. Therefore, a cause of action for fraud and deceit has not been stated. *First Credit Corp. v. Myricks* (1968), 41 Wis. 2d 146, 163 N. W. 2d 1.

It appears from the allegations of the complaint that money damages would be a complete and adequate remedy. Declaratory judgment is not a substitute for an action for damages. *F. Rosenberg Elevator Co. v. Goll* (1963), 18 Wis. 2d 355, 118 N. W. 2d 858.

The order is reversed and the cause is remanded with directions to sustain the demurrer and grant the plaintiffs twenty days' leave to replead.